UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

AARON TEACHOUT,

          Defendant.

_____/

No.   1:12-CR-192

Hon. Robert J. Jonker
U.S. District Judge

## REVISED PLEA AGREEMENT

This constitutes the plea agreement between Aaron Teachout and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.  **The Defendant Agrees to Plead Guilty To a Felony Information.** In order to resolve the present charges to the satisfaction of both parties, the defendant will allow the U.S. Attorney to file a Felony Information charging one count of conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 371. The defendant's attorney has advised him of the elements of this charge and his possible defenses. The defendant agrees to plead guilty to the Felony Information.

The defendant understands that to be guilty of a conspiracy to commit bank fraud, the government must prove that: 1) he and others agreed to defraud a lender insured by the FDIC in connection with a mortgage transaction, 2) the defendant knowingly and intentionally entered into the agreement, and 3) some participant in the

agreement committed one or more overt acts in furtherance of the agreement. *United States v. Gebbie*, 294 F.3d 540, 544 (3rd Cir. 2002).

    2.    <u>The Defendant Understands the Crime</u>. The defendant is pleading guilty because the following is true: During July and August, 2007, he agreed with others to defraud Washington Mutual Bank by engaging in a mortgage transaction involving 6486 Wyndham Drive, in West Bloomfield Michigan that involved a host of misrepresentations designed to: 1) cause the bank to lend money for the transaction when it would not have if it had known the truth, and 2) cause the bank to lend far more money than it would have had it known the truth. The defendant and the seller of the parcel agreed to a purchase price. Then the defendant and his coconspirators falsely advised Washington Mutual Bank that the sales price was approximately $469,000 more than that amount. Furthermore, the defendant and his coconspirators falsely advised the bank that the purchaser of the property was employed, would make a significant down payment on the loan, was creditworthy, and would use the home as his primary residence. All of this false information was material to the loan decision, and Washington Mutual Bank was misled by it.

The loan closed on August 15, 2007, at the defendant's business address, located at CDC Investments, LLC, 3815 West St., Joseph, in Lansing Michigan. After paying the seller the agreed amount, the approximately $469,000 remaining was split among many of the codefendants, in a manner contrary to the closing statement, that purported to disclose how all of the loan proceeds were distributed. This was a material misrepresentation as the lender would have detected the nature of the fraud if it had

been advised how the loan proceeds were truly distributed. The loan later defaulted for nonpayment.

3. <u>The Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 371 is a five year prison term; a three-year period of supervised release; a fine of $250,000; an order of restitution and a mandatory special assessment of $100. The parties agree that restitution will not be limited by the count of conviction, but will encompass all losses considered to be relevant conduct under the United States Sentencing Guidelines.

4. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing. The defendant also understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that the defendant and the defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant likewise understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

5. <u>Promises Made In Connection With the Sentencing Guidelines</u>. The United States agrees, based upon facts now known to it, that the defendant qualifies for a reduction in his sentence for acceptance of responsibility, as that term is defined in sentencing guideline § 3E1.1. The defendant understands that the government's position may change if he engages in any conduct inconsistent with acceptance of responsibility between the time of plea and sentencing. The defendant further understands that the Court has the sole discretion to reduce his sentence on this basis.

6. <u>Cooperation in Further Investigations</u>. The defendant agrees to fully cooperate with federal investigators and the U.S. Attorney's Office in their investigation of mortgage fraud activity as well as the investigation of other crimes over which they have actual or apparent jurisdiction. The defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the defendant's possession or under the defendant's control, including, but not limited to, objects, documents, and photographs. The defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the defendant should reasonably know will assist in the investigation of other criminal activity. The defendant will not commit any criminal offense during the course of his

cooperation with the United States. The defendant will submit to polygraph examination(s) upon request. The defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

7. <u>Possible Reduction in Sentence For Substantial Assistance</u>. The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines §5K1.1 and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant fully understands that such a motion may be made pursuant to law if, and only if, the defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether the defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney's Office. The defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, the defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court — not the Government — would decide how much of a sentence reduction defendant receives based upon the nature and extent of defendant's assistance. The defendant acknowledges and agrees that he may not appeal the Court's

exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

8. <u>No Additional Charges</u>. In return for his guilty plea, the government will not pursue any other charges against the defendant based upon information known to the government as of the date of this Plea Agreement, provided that the defendant has disclosed the information to the government.

9. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the government to prove the defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against the defendant.

    d. The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      e.     The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against the defendant.

By pleading guilty, the defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

10.    <u>Waiver of Appeal and Collateral Attack.</u>  The Defendant understands that the law affords the right to appeal the sentence imposed.  Acknowledging this, the Defendant knowingly waives the right to appeal a sentence that is within or below the guideline range as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement, except that the Defendant may appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range. The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255.  This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

11.    <u>The Court is Not a Party to This Agreement.</u>  The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that even if the Court ignores such a recommendation and/or imposes any sentence up to the maximum established by

7

statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The defendant understands that no one -- not the prosecutor, the defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory maximum.

12. Scope of Agreement. This agreement is limited to the U.S. Attorney's Office and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. This agreement applies only to crimes committed by the defendant. This agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future civil or forfeiture actions.

13. Effect of Breach. If the defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any and/or all benefits to which the defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate the agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is

brought within one (1) year of the breach that gives rise to the termination of this agreement.

14. <u>This is the Complete Agreement.</u> This agreement has been freely, knowingly, and voluntarily entered into by both sides, it incorporates the complete understanding between the parties, and no other promises have been made. Nor may any additional agreements, understandings or conditions be entered into unless in writing, signed by all parties or on the record in open court.

PATRICK A. MILES, JR.
United States Attorney

11/1/12
Date

TIMOTHY VERHEY
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

11/1/12
Date

AARON TEACHOUT
Defendant

I am Aaron Teachout's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

11/1/12
Date

JOLENE WEINER-VATTER
Attorney for Defendant